Carolyn **BELL** and **Maryland Welfare Rights Organization** (Individually and on behalf of all others similarly situated), Appellants,

v.

Ruth **MASSINGA,** Secretary, **Maryland Department of Human Resources** (Individually and in his official capacity) and **Richard S. Schweiker,** Secretary of the United States Department of Health and Human Services (In his official capacity), Appellees.

No. 83–1227.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 29, 1983.

Decided Nov. 14, 1983.

Myrna A. Butkovitz, Baltimore, Md. (Peter M.D. Martin, Dennis W. Carroll, Administrative Law Center, Legal Aid Bureau, Inc., Baltimore, Md., on brief), for appellants.

Nancy B. Shuger, Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen., Baltimore, Md., on brief), for appellee Maryland.

Javier A. Arrastia, Asst. Regional Atty., Philadelphia, Pa. (Diane C. Moskal, Regional Atty., Dept. of Health and Human Services, Philadelphia, Pa., J. Frederick Motz, U.S. Atty., Glenda G. Gordon, Asst. U.S. Atty., Baltimore, Md., on brief), for appellee

Margaret M. Heckler, Secretary, U.S. Dept. of Health and Human Services.

Before WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

### HARRISON L. WINTER, Chief Judge:

The issue which this appeal presents has brought about conflicting answers by the two courts of appeals and the several district courts that have addressed it. The issue is whether, since enactment of §§ 2301 and 2302 of the Omnibus Budget Reconciliation Act (OBRA), Pub.L. 97–35, 95 Stat. 843–45 (1981) (codified at 42 U.S.C. §§ 602(a)(7) and (8)), in determining eligibility and benefits under the Aid to Families With Dependent Children (AFDC) program,[1] mandatorily withheld taxes (federal, state and local income taxes, and Federal Insurance Contribution Act taxes) are to be treated as income available to an AFDC family with an employed member. How the question is answered in this case will determine the eligibility for benefits or the amount of benefits for as many as 3,000 AFDC families in the district from which the appeal is taken and an undetermined

number of such families in other districts of this circuit.

This case arose by a class action in the district court charging that the Secretary of the Maryland Department of Human Resources and the United States Secretary of Health and Human Services are acting illegally when they determine AFDC eligibility and benefits on the basis of income before taxes, except to the extent that such taxes may be included in a statutory "disregard" of $75.00 per month. The district court held that they were not, and we affirm.

### I.

The opinion of the district court is reported as *Bell v. Hettleman,* 558 F.Supp. 386 (D.Md.1983). It sets forth the facts and specific legal issues. As the opinion carefully recites, the statutes and regulations for determining eligibility and benefits for AFDC families have been amended from time to time since their inception in 1939. We are concerned with the 1981 OBRA amendments codified as 42 U.S.C. §§ 602(a)(7) and (8). The pertinent portions are set forth below.[2]

---

1. Succinctly stated, the AFDC program is a federal-state public assistance program, administered by the states which elect to participate, to provide aid to needy families with dependent children. The general scheme of the program is to determine the financial resources available to such a family and to compare them with a standard of need. If the resources are less than the standard of need, monthly benefits, financed in part by federal funds, are paid such a family in an amount depending upon the amount of shortfall. This approach is embodied in a plan for each participating state which must meet and be administered in compliance with minimum federal standards. This case turns upon how the financial resources of such a family are to be computed so as to determine eligibility for benefits and the amounts thereof. After the inception of the program and throughout its history, Congress has made diverse attempts to reconcile the sometimes conflicting policy goals of giving aid to the needy, but at the same time not discouraging family members from working and providing support for themselves and their dependent children. OBRA is the latest venture in reconciling these considerations.

2. 42 U.S.C. § 602 states that State plans for aid and services to needy families with children shall:

> (7) except as may be otherwise provided in paragraph (8) or (31) and section 615 of this title, provide that the State agency—
> (A) shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid;

and further, § 602(a)(8)(A) provides that "in making the determination under paragraph (7), the State agency" shall do the following:

> (ii) shall disregard from the earned income of any child or relative applying for or receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $75 of the total of such earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time

It is a fact that there has been "an uninterrupted, consistent interpretation stretching over forty years" of the terms "any other income" and "resources" as they appear in § 602(a)(7). *James v. O'Bannon,* 715 F.2d 794, 801 (3 Cir.1983) (quoting *Turner v. Prod,* 707 F.2d 1109 (9 Cir.1983)). Briefly stated, the regulations which were promulgated in 1969 and readopted virtually unchanged after the enactment of OBRA expressed this interpretation by providing that "available" net income and resources are to be considered in determining need and benefits and "income and resources are considered available both when actually available and when the applicant has the legal ability to make such sum available for support and maintenance." *See* 45 C.F.R. § 233.20(a)(3)(ii)(D), as amended by 47 Fed. Reg. 5648, 5675 (Feb. 5, 1982).

Principally on the basis of this longstanding construction, the Ninth Circuit in *Turner* held that "income" as used in § 602(a)(7) meant income after mandatorily withheld taxes, i.e., take-home pay, and the beginning point for determining AFDC eligibility and benefits was thus income after taxes and not gross income. The Third Circuit in *James* held to the contrary. It concluded that the legislative history of OBRA made it clear that it was the intent of Congress in enacting OBRA that henceforth gross income was to be the starting point for determining AFDC eligibility and benefits and that taxes and other employment-related expenses were to be disregarded only to the extent that they met the requirements of § 602(a)(8), i.e., were within the $75 "disregard."

## II.

Both courts of appeals, as well as the district court from which this appeal was taken, have exhaustively and thoroughly considered all of the arguments pro and con for the various conclusions that they reached. We can add nothing new to the discussion. Nor can we resolve the conflict between the two circuits. Certainly it is beyond our function as judges to express any views with regard to the social desirability of the policy determinations made by Congress when it enacted OBRA. Confining ourselves to the legal issues, we can only say that, after careful study and deliberate thought, we find ourselves in agreement with the views of the Third Circuit and the district court.

We affirm the judgment of the district court for the reasons advanced by them.

AFFIRMED.

employment or not employed throughout the month);

(iii) shall disregard from the earned income of any child, relative, or other individual specified in clause (ii), an amount equal to expenditures for care in such month for a dependent child, or an incapacitated individual living in the same home as the dependent child, receiving aid to families with dependent children and requiring such care for such month, to the extent that such amount for each such dependent child or incapacitated individual does not exceed $160 (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time employment or not employed throughout the month);

(iv) shall disregard from the earned income of any child or relative receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, an amount equal to the first $30 of the total of such earned income not already disregarded under any other clause of this subparagraph plus one-third of the remainder thereof (but excluding, for purposes of this subparagraph, earned income derived from participation on a project maintained under the programs established by section 632(b)(2) and (3) of this title) ...

As enforcement adjuncts to the "disregards" set forth in § 602(a)(8)(A), subparagraph (B) provides that the "disregards" shall not be recognized when the employable family member terminates or refuses employment without good cause or fails to make timely reports of earned income. Further, it provides that the "disregard" established in subparagraph (A)(iv) shall be available for only four months out of a sixteen-month period.