**Brenda DICKENSON, et al., Plaintiffs, Appellants,**

v.

**Michael PETIT, etc., et al., Defendants, Appellees.**

No. 83–1676.

United States Court of Appeals, First Circuit.

Argued Jan. 4, 1984.

Decided Feb. 23, 1984.

Kathleen C. Caldwell, Bangor, Me., with whom Solomon S. Goldman, Hugh H. Calkins, Dover Foxcroft, Me., Robert E. Mittel and Mittel & Hefferan, Portland, Me., were on brief, for plaintiffs, appellants.

Katherine Greason, Asst. Atty. Gen., Dept. of Human Services, Legal Div., Augusta, Me., with whom James E. Tierney, Atty. Gen., Augusta, Me., was on brief, for Michael Petit, etc.

Joyce Elise McCourt, Asst. Regional Atty., Dept. of Health and Human Services, Washington, D.C., with whom Richard S. Cohen, U.S. Atty., Portland, Me., and William H. Browder, Jr., Asst. U.S. Atty., Bangor, Me., were on brief, for Richard S. Schweiker.

Before CAMPBELL, Chief Judge, ALDRICH, Circuit Judge, and PETTINE,* Senior District Judge.

BAILEY ALDRICH, Senior Circuit Judge.

In this class action on behalf of recipients of Aid to Families with Dependent Children (AFDC), 42 U.S.C. §§ 601 *et seq.,* plaintiffs claim they have been denied benefits because the Secretary, in measuring "income" in connection with eligibility, 42 U.S.C. § 602(a)(7), looks to wages before withholding, rather than to take-home pay; contending, in effect, that the $75. statutory work expense "disregard," § 602(a)(8), is a legislative figure to compensate for expenses other than taxes.[1] Unfortunately,

---

* Of the District of Rhode Island, sitting by designation.

1. 42 U.S.C. § 602(a) A State plan for aid and services to needy families with children must . . . (7) except as may be otherwise provided in

when Congress amended these sections in the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, 95 Stat. 357, 843 (1981) [OBRA], it left this highly important matter so unspecific that there is a division in the circuits: *Turner v. Prod,* 9 Cir., 1983, 707 F.2d 1109, *cert. pending, sub nom. Heckler v. Turner,* 52 U.S.L.W. 3552, having been decided against the Secretary, and *James v. O'Bannon,* 3 Cir., 1983, 715 F.2d 794, and *Bell v. Massinga,* 4 Cir., 1983, 721 F.2d 131, having held otherwise. Since a certiorari petition has already been filed in *Turner,* it may not be of lasting importance which way we decide, but we have concluded that we, too, do not follow *Turner.*

Briefly, plaintiff's arguments center around an interpretation of the word "income" in section 602(a)(7) as including only "actually available" income, and not withheld taxes, based upon agency policy claimed to exist for many years. In response, the Secretary looks to section 602(a)(8)'s references to "earned income" as meaning gross earned income, and the interrelationship with section 602(a)(7), as indicating that income in subsection (7) incorporates only the adjustments to "earned income" contemplated by section 602(a)(8). To this argument are added many past matters, concluding with the legislative history of the present enactment. All of these, and the alleged countervailing factors, have been so thoroughly discussed that we see no useful purpose in ploughing the same ground.

To us the factors favoring the Secretary seem the stronger, particularly so in that throughout the recent legislative history there seems a marked intent to reduce the availability of benefits to those AFDC recipients who are employed, even though consequences may reduce the incentive to work. Plaintiffs would emphasize 1939, 1962 and 1967 history, particularly that in 1962 the Secretary informed Congress of his desire to be as liberal with income disregards as possible to encourage people to work, *see* Hearings on the Public Assistance Act of 1962 before the Senate Committee on Finance, 87th Cong., 2nd Sess. 152 (1962) (statement of Secretary Ribicoff); *see also Turner,* ante, 707 F.2d at 1116 (citing authorities), while the present history indicates a clear brake on liberality, and a lack of belief in the encouragement-to-work factor's importance. *See, e.g.,* Administration's Proposed Savings in Unemployment Compensation, Public Assistance and Social Service Programs: Hearings Before the Subcommittee on Public Assistance and Unemployment Compensation of the House Committee on Ways and Means, 97th Cong., 1st Sess. 67 (1981) (statement of Secretary Schweiker) ("In AFDC, the proposals are designed to improve the program by limiting eligibility to the most in need, [and] strengthening work requirements . . . ."); S.Rep. No. 139, 97th Cong., 1st Sess. 501–02 (1981) *reprinted in* 1981 U.S.Code Cong. & Ad.News 768; *see generally James,* ante, 715 F.2d at 808–10.

We do not suggest that a contrary argument cannot be made, but we think it less persuasive. In part, plaintiffs would say that take-home checks are all the earned income plaintiffs ever see, and so must be considered as the real income, or available income, in a different sense from income which is received in gross and then must be disbursed for necessary work-incurred expenses. But even if different, Congress is

---

paragraph (8) or (31) and section 615 of this title, provide that the State agency—

   (A) shall, in determining need, *take into consideration any other income and resources* of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid; . . .

(8)(A) provide that, with respect to any month, in making the determination under paragraph (7), the State agency . . . (ii) *shall disregard from the earned income* of any child or relative applying for or receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, *the first $75 of the total of such earned income for such month;* . . . (Emphasis suppl.)

not obliged both to afford a round number disregard and make separate allowance for taxes, and we do not believe it has done so here. In any event, the time of payment seems to us but a superficial distinction; all necessary expenses must be met sometime.

Finally, even if, as plaintiffs claim, it is debatable how much deference in this case is to be afforded the regulations propounded by the Secretary, *see, e.g., Batterton v. Francis,* 1977, 432 U.S. 416, 424, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 ("Ordinarily, administrative interpretations of statutory terms are given important but not controlling significance."), we note that we are in accord with these regulations, rather than against them. *See* 45 C.F.R. § 233.-20(a)(6)(iv) (1982).[2]

Affirmed.

**2.** § 233.20(a)(6)(iv). With reference to commissions, wages, or salary, the term "earned income" means the total amount, irrespective of personal expenses, such as income-tax deductions, lunches, and transportation to and from work....